116 F.3d 488
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Thomas Neil WATSON, a/k/a Watson Physical Therapy,
Watson Physical Therapy for Pain, Debtor.
Thomas Neil WATSON, a/k/a Watson Physical Therapy, Watson
Physical Therapy for Pain, Appellant,
v.
K.E. SHANDELL, M.D.; Southern California Multi-Speciality
Medical Group, Inc., Appellees.
 No. 96-55346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1997.
Decided June 16, 1997.
 
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel, No. SC-94-02454- OcA; Ollason, Carlson, and Ashland, Judges, Presiding.
 Before: BROWNING, FLETCHER, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Bankruptcy Appellate Panel correctly concluded that Shandell's suit for breach of the parties' settlement agreement was not barred by 11 U.S.C. § 524(c). That section only limits the enforcement of agreements, "the consideration for which, in whole or in part, is based on a debt that is dischargeable." Id. Shandell's right to prosecute this claim was not dischargeable because the suit targeted accounts receivable in which Shandell had a security interest. The suit was in rem, not in personam. See Dewsnup v. Timm, 502 U.S. 410, 418 (1992).
 
 
 3
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3